CASE 21—PETITION ORDINARY—JUNE 16.

# Dixon vs. Bacon, &c.

APPEAL FROM OWEN CIRCUIT COURT.

1.  An execution defendant may maintain an action to recover the value of property sold by the officer, which was exempt from execution, on the indemnifying bond, which was required by the officer, and was executed by the plaintiff in the execution, as provided in section 709 of the Civil Code.
2.  The provisions of sections 709 and 711 of the Civil Code apply to executions issued by the police judge of Owenton, and indemnifying bonds executed before the marshal of said town; and the execution defendant may maintain an action on the bond, as well as any other claimant, for the value of property sold, which was not subject to levy and sale under the execution.

J. D. LILLARD,                                        For Appellant,

CITED—

Civil Code, secs. 709, 711 to 719.
Act of Feby. 19, 1849, Session Acts, sec. 7, page 171.

CRADDOCK & TRABUE,             .             For Appellees,

CITED—

Civil Code, secs. 709, 711, 719.
MSS. Opin., Jany., 1857 ; Halsell vs. Simon.

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought in April, 1867, in the Owen circuit court, by appellant against appellees, on a bond of indemnity claimed to have been executed as required by section 709, Civil Code, in which the following facts are alleged, substantially : That appellee Walker had issued, from the office of D. S. Adams, *police judge of*

*Owenton,* an execution against the goods and chattels of appellant and one Thomas Acre, for the sum of seventeen dollars and fifteen cents, with interest from the 25th of December, 1858, and two dollars costs, in his favor, which, in. three days thereafter, was placed in the hands of P. H. Smith, marshal of said town, who, on the same day it came to his hands, levied it on quite a number of articles of personal property, household furniture, and kitchen ware, all of which are named in the petition, as the property of appellant. That said marshal doubted whether said articles were subject to the execution, and, before the day of sale, gave to said Walker notice that he required an indemnifying bond; who thereupon executed bond, with appellee Bacon as his surety, as provided in section 709, Civil Code; and, after the execution of said bond, said Smith, marshal as aforesaid, did sell the property· levied on as aforesaid, worth then, as is alleged, five hundred and six dollars and fifty cents. That, at the time of the levy of said execution and the sale of said articles of personal property, he, the appellant, was a *bona fide* housekeeper, with a family, in the county of Owen, having then and there a wife and infant children living with him. That a portion of these articles, which are enumerated, were exempt by law from execution, the aggregate value of which, he alleges, was three hundred and forty-eight dollars and twenty-five cents, and prays judgment therefor.

To the petition appellees filed a demurrer, which was sustained by the court below, and the petition dismissed; from which Dixon has appealed.

It is insisted by counsel for appellees, that, before the adoption of the Civil Code, the remedy of appellant, if he had any, was against the officer making the levy and

sale; and that, since its adoption, the action can only be maintained on a bond of indemnity "in such cases as the Code expressly provides for;" or, in other words, as was doubtless intended to be asserted by counsel, the action could only be maintained on such bonds as the officer, in whose hands the execution was, had authority to demand 'and take. (*Section* 709, *Civil Code.*)

Before the adoption of the Civil Code the defendant might sue the officer who levied upon and sold property exempt by law from levy and sale, or he might sue the plaintiff in the execution, if he directed and caused the levy and sale of such property, or he might sue the purchaser thereof.

But section 709, Civil Code, provides, that "if *an officer* who levies, or is required to levy, an execution upon personal property, doubts whether it is subject to execution, he may give to the plaintiff therein, or his agent or attorney, notice that an indemnifying bond is required. Bond may thereupon be given by or for plaintiff, with one or more sufficient sureties, to be approved by the officer, to the effect that the obligors therein will indemnify him against the damages, which he may sustain in consequence of the seizure or sale of the property, and will pay to *any* claimant thereof the damages he may sustain in consequence of the seizure or sale, and will warrant to any purchaser of the property such estate or interest therein as is sold; and thereupon the officer shall proceed to subject the property to the execution, and shall return the indemnifying bond to the circuit court of the county in which the levy is made."

And by *section* 711, *Ib.*, if said bond be returned by the officer, and the surety therein be good, the claimant, or any purchaser of any property for the seizure and sale of which said bond was given, shall be barred of any

action against the officer levying on the property, but has his remedy on the bond.

It is contended that the defendant in the execution is not such a claimant of property as these provisions of the Code were intended to protect the officers against.

The remedy is not, in express words, given to other claimants to the exclusion of defendants in executions; nor will a fair and rational interpretation of the language of the sections exclude them. One of the covenants of the bond is to pay *any claimant* thereof, &c., &c., which word "*any,*" in that connection, must be understood as intended to apply to *the claimant,* whoever he may be, and without regard to the nature of his claim. And when we look to the objects and intention of these provisions, which were, in the first place, to protect the officer who has the execution in his hands from risk of loss by a sale of property not subject to levy and sale, this interpretation is the more reasonable and proper. An officer having an execution in his hands, who levies it on property exempt from sale by law, was, before the adoption of the Code, certainly responsible to the claimant of such property, though he be the defendant in the execution; and now he is equally liable, unless he can protect himself by requiring the execution of a bond of indemnity. The officer might, before the adoption of the Code, protect himself from suit by summoning a jury and trying the right of property, which he cannot now do.

The meaning of the two clauses or sentences of the 709th section of the Code, *supra,* is merely that the obligors in the bond will indemnify the officer against the damages he might otherwise sustain, by paying the damages the claimant may be entitled to, or may have sustained by the seizure and sale of the property not subject thereto, and are not susceptible of a different construc-

tion, or of the construction given them by counsel. Nor can we concur with counsel, that the appellant should be barred of his action, because the execution which was levied on the property was issued by a *police judge*.

The language of section 709 is broad enough of itself to embrace all executions issued by any officer authorized by law to issue the same, without an additional or enlarging section. But section 719 declares that the sections of the chapter of which it is a part shall apply to proceedings upon executions issued by justices of the peace; and further directs how and where indemnifying bonds taken in such cases shall be returned, &c.; and, by an amendment of the last named section, of *the 8th of January*, 1864, it is made, in express terms, to apply to proceedings upon executions issued by judges of the quarterly courts of this Commonwealth. This section, and the amendment just referred to, may be regarded as declaratory of the law under the previous sections in said chapter, and especially in section 709, and should not be construed as not applying to proceedings under executions issued by all other officers authorized by law to issue them, and to exclude the application thereof from proceedings under executions issued by officers not expressly named.

Moreover, by an act of the Legislature, approved 19*th of February*, 1849, the office of police judge is created for the town of Owenton, in Owen county, upon whom the same powers and jurisdiction are conferred in civil causes that justices of the peace have in such causes. (*Sess. Acts*, 1848–9, 171.) Consequently, the provisions of the sections in chapter 6, title 14, Civil Code, which apply to proceedings upon executions issued by justices of the peace, apply to proceedings upon executions issued by the *police judge of Owenton*.

It results from the foregoing that the court below erred in sustaining the demurrer to appellant's petition.

Wherefore, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer, and for further proceedings consistent herewith.